# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAWAN WILLIAMS, et al.,<br>CDCR #F-91284,<br><br>                            Plaintiff,<br><br>vs.<br><br>W.J. PRICE; G. JANDA;<br>L. SCOTT McEWEN; D. FOSTON;<br><br>                            Defendants. | Civil No.      11cv0327 JLS (CAB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350.00 BALANCE FROM PRISONER'S TRUST ACCOUNT [ECF No. 3];**<br><br>**(2) DISMISSING PLAINTIFFS WILLIS, NORMAN, ABEL, JEFFER, HILL, TOBBS, CARRELL AND THOMPSON; and**<br><br>**(3) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b);** |

Kawan Williams, a state prisoner currently incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding pro se, have submitted a civil action pursuant to 42 U.S.C. § 1983. There are several other Plaintiffs listed in the caption but none of these parties have signed the Complaint. Additionally, Plaintiff Williams is the only Plaintiff to have filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) ECF No. 3].

# I.

## MOTION TO PROCEED IFP [ECF No. 3]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds

K:\COMMON\Chmb_Sammartino\Vincent Chuang 2010-2011\Pro SE\New Folder\11cv0327-grt IFP & dsm.wpd, 52411      2      11cv327 JIS (CAB)

available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 3] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### MULTIPLE PLAINTIFFS

As an initial matter, Plaintiff Williams purports to also bring this action on behalf of Rachee Willis, Darren Norman, Craig V. Abel, Donnell Jeffer, Rance Hill, Tobias Tobbs, J.R. Ewing Carrell and Betrand Thompson. However, because Plaintiff is proceeding pro se, he has no authority to represent the legal interest of any other party. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also* FED.R.CIV.P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's original name, or if the party is not represented by an attorney, shall be signed by the party."). Here, none of the named Plaintiffs, with the exception of Plaintiff Williams, has signed the Complaint or filed their own Motion to Proceed IFP. Accordingly, the Court **DISMISSES** Plaintiffs Rachee Willis, Darren Norman, Craig V. Abel, Donnell Jeffer, Rance Hill, Tobias Tobbs, J.R. Ewing Carrell and Betrand Thompson from this action.

## III.

### INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

Notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not

1 only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that
2 fails to state a claim).

3 Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte
4 dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as
5 amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to
6 the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing
7 the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(3). *See Calhoun*, 254 F.3d at
8 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir.
9 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of
10 process is made on the opposing parties").

11 "[W]hen determining whether a complaint states a claim, a court must accept as true all
12 allegations of material fact and must construe those facts in the light most favorable to the
13 plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194
14 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)");
15 *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's
16 pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988),
17 which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261
18 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the
19 court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board*
20 *of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

21 Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person
22 acting under color of state law committed the conduct at issue, and (2) that the conduct deprived
23 the claimant of some right, privilege, or immunity protected by the Constitution or laws of the
24 United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122
25 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).
26 / / /
27 / / /
28 / / /

### A.     First Amendment claims

First, Plaintiff alleges, in very general terms, that prison officials at Calipatria State Prison denied "religious services for 6 weeks." (Compl. at 3.)  "The right to exercise religious practices and beliefs does not terminate at the prison door." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam).  In order to implicate the Free Exercise Clause of the First Amendment, the Plaintiff must show that their belief is "sincerely held" and "rooted in religious belief." *See Shakur v. Schiro*, 514 F.3d 878, 884 (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994).  Here, Plaintiff's allegations contain no specific facts relating to his personal religious beliefs.  Accordingly, the Court finds that Plaintiff has failed to allege claims sufficient to state a claim pursuant to the Free Exercise Clause of the First Amendment.

### B.     Equal Protection

In addition, Plaintiff appears to claim that prison officials have also violated his right to equal protection under the law.  The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.* 473 U.S. 432, 439 (1985).  In order to state a claim under § 1983 alleging violations of the equal protection clause of the Fourteenth Amendment, Plaintiff must allege facts which demonstrate that he is a member of a protected class. *See Harris v. McRae*, 448 U.S. 297, 323 (1980) (indigents); *see also City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440-41 (1985) (listing suspect classes).  In this matter, Plaintiff has not sufficiently plead that he is a member of a protected class nor has he plead any facts to demonstrate that Defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999).  Moreover, Plaintiff has also failed to allege sufficient facts which may prove invidious discriminatory intent. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977).

/ / /

/ / /

     Accordingly, the Court must DISMISS Plaintiff's Complaint for all the reasons set forth above but will provide Plaintiff with the opportunity to amend his Complaint to correct the deficiencies of pleading identified by the Court.

## IV.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiffs Rachee Willis, Darren Norman, Craig Abel, Donnell Jeffer, Rance Hill, Tobias Tobbs, J.R. Ewing Carrell, and Betrand Thompson are **DISMISSED** from this action.

2. Plaintiff William's's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 3] is **GRANTED**.

3. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

5. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended

1  Complaint fails to state a claim upon which relief may be granted, it may be dismissed without
2  further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).
3  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

4     6.    The Clerk of Court is directed to mail a court approved form § 1983 complaint to
5 Plaintiff.

6     **IT IS SO ORDERED.**

7 DATED: May 24, 2011

8                                   Honorable Janis L. Sammartino
9                                   United States District Judge