# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAWAN WILLIAMS,<br>CDCR # F-91284<br><br>            Plaintiff,<br><br>vs.<br><br>W.J. PRICE; G. JANDA;<br>L. SCOTT McEWEN; D. FOSTON,<br><br>            Defendants. | Civil No.   11cv0327 JLS (CAB)<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT PURSUANT TO** Fed.R.Civ.P. **4(c)(3) & 28 U.S.C. § 1915(d)** |

## I.

### PROCEDURAL HISTORY

On February 16, 2011, Plaintiff, a state prisoner currently incarcerated at Calipatria State Prison located in Calipatria, California and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). In addition, this action was purportedly brought as a "class action" on behalf of several other Plaintiffs. On May 24, 2011, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim. *See* May 24, 2011 Order at 6-7. The Court also dismissed all the named Plaintiffs other than Plaintiff Williams. *Id.* The Court found that none of the other named Plaintiffs had signed the

1  Complaint nor had they filed separate Motions to Proceed IFP. *Id.* In addition, Plaintiff
2  Williams, proceeding pro se, has no authority to represent the legal interest of any other party.
3  *Id.* at 3 (citing *Cato v. United States*, 70 F.3d 1103, 1105 n. 1 (9th Cir. 1995)). On July 7, 2011,
4  Plaintiff filed his First Amended Complaint. While Plaintiff continues to list these other
5  Plaintiffs in the caption of his First Amended Complaint, these Plaintiffs remain dismissed from
6  this action for the reasons set forth in the Court's May 24, 2011 Order.

## II.

### SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) AND § 1915A

9  As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA")
10 obligates the Court to review complaints filed by all persons proceeding IFP and by those, like
11 Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or
12 adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,
13 probation, pretrial release, or diversionary program," "as soon as practicable after docketing."
14 *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte
15 dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails
16 to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §
17 1915(e)(2)(B) and § 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
18 (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

19  Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte
20 dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is
21 frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319,
22 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing
23 an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of
24 the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection
25 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint
26 that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)
27 (discussing 28 U.S.C. § 1915A).
28 / / /

The Court finds that Plaintiff's claims are now sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, Plaintiff is entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## III.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. The Clerk shall issue a summons as to Plaintiff's First Amended Complaint upon the Defendants and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, the Court's Order granting Plaintiff leave to proceed IFP, and certified copies of his First Amended Complaint and the summons for purposes of serving each Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

2. Defendants are thereafter **ORDERED** to reply to Plaintiff's First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or

other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

3. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED: September 29, 2011

Honorable Janis L. Sammartino
United States District Judge